PATRICIA BARBOSA, Esq. (SBN 125865)
JORDON METZ, Esq. (SBN 167355)
**BARBOSA, METZ, IKEDA & HARRISON, LLP**
17547 Ventura Blvd., Suite 310
Encino, CA 91316
Tel: (818) 386-1200
Fax: (818) 386-1212
pbarbosa@bmihlaw.com
jmetz@bmihlaw.com

Attorneys for Plaintiff
HOLLYNN D'LIL

DENNIS D. STRAZULO, Esq. (SBN 124695)
SARA WILSON, Esq. (SBN 172888)
**STRAZULO FITZGERALD LLP**
275 Battery Street, Suite 200
San Francisco, California 94111
Tel: (415) 394-9500
Fax: (415) 934-9501
swilson@strazlaw.com

Attorneys for Defendant
MONTGOMERY VILLAGE LIMITED PARTNERSHIP

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOLLYNN D'LIL,<br><br>Plaintiff,<br><br>v.<br><br>MONTGOMERY VILLAGE LIMITED PARTNERSHIP; AND DOES 1 through 35, Inclusive,<br><br>Defendants. | CASE NO.  4:08-CV-04690-SBA<br><br>**HON. SAUNDRA B. ARMSTRONG**<br><u>Civil Rights</u><br><br>**CONSENT DECREE FOR SETTLEMENT BETWEEN PLAINTIFF AND DEFENDANT MONTGOMERY VILLAGE LIMITED PARTNERSHIP FOR PLAINTIFF'S CLAIMS FOR INJUNCTIVE RELIEF** [Concurrently filed with Proposed Order]<br><br>No trial date set:  General Order 56 |

## CONSENT DECREE AND ORDER

1.     Plaintiff HOLLYNN D'LIL ("Plaintiff") filed her Complaint in this action on October 9, 2008 to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and California Civil Code §§ 51; 54; and 54.1, and California

Health & Safety Code §§ 19952 and 19955 *et seq.*, against Defendant MONTGOMERY VILLAGE LIMITED PARTNERSHIP ("Defendant"), and DOES 1-35, Inclusive. Plaintiff and Defendant are collectively referred to herein as the "Parties." Plaintiff alleged that Defendant violated Title III of the ADA and California civil rights laws and statutes by failing to provide full and equal access to its facilities, services and accommodations at MONTGOMERY VILLAGE located at 911 Village Court, Santa Rosa, County of Sonoma, California ("MONTGOMERY VILLAGE"). Plaintiff and Defendant MONTGOMERY VILLAGE now seek to settle all of Plaintiff's claims for injunctive relief against MONTGOMERY VILLAGE, and agree that the terms of this Consent Decree will satisfy all of Plaintiff's claims for injunctive relief.

2. Defendant MONTGOMERY VILLAGE denies all of the allegations in the Complaint filed by Plaintiff, and by entering into this Consent Decree and concurrently-filed Proposed Order does not admit liability to any of the allegations in Plaintiff's Complaint filed against MONTGOMERY VILLAGE. Plaintiff and Defendant hereby enter into this Consent Decree and Order for the purpose of entering into an early settlement of Plaintiff's claims for injunctive relief without the need for protracted litigation, and without the admission of any liability for any allegations in Plaintiff's Complaint.

**JURISDICTION:**

3. Plaintiff and Defendant hereby agree that the Court has jurisdiction of Plaintiff's Complaint pursuant to 28 U.S.C. § 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* and for supplemental jurisdiction for California civil rights laws and regulations.

4. In order to avoid the costs, expense, and uncertainty of protracted litigation, the parties to this Consent Decree agree to entry of the concurrently Proposed Order to resolve all of Plaintiff's claims regarding injunctive relief against Defendant at MONTGOMERY VILLAGE and its related facilities. Accordingly, the parties agree to the entry of the concurrently-filed Proposed Order without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims for injunctive relief as set forth in the Complaint filed by

Plaintiff with this Court.

WHEREFORE, the Parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and concurrently filed Proposed Order, which provides as follows:

**SETTLEMENT OF PLAINTIFFS' CLAIMS FOR INJUNCTIVE RELIEF:**

5. The Parties have reached an agreement regarding Plaintiff HOLLYNN D'LIL's claims for injunctive relief as requested in her Complaint before this Court. Attached as **Attachment A and Exhibit 1,** are all of the terms for the settlement of the injunctive relief as agreed to between the Parties, fully set out. Said **Attachment A and Exhibit 1,** are hereby referenced as if fully set forth herein as the full and complete agreement between the Parties for settlement of all of Plaintiff's claims for injunctive relief as requested in Plaintiff's Complaint.

**NOTICE OF DELAY FOR CORRECTIVE WORK:**

6. The Parties agree that the Court will retain jurisdiction to resolve any disputes between the Parties regarding the obligations set forth in this Consent Decree and Attachment A. In the event that Parties have a dispute regarding compliance with any of the terms or conditions of this Consent Decree and Order, the Parties agree that Defendant will provide Plaintiff written notice of any delays within 10 days of knowing that a condition or term of the Consent Decree and Attachment A cannot be completed as anticipated. No enforcement action may be filed until 30 days after Plaintiff's receipt of Defendant's written Notice of Delay; during said 30 days period the parties shall meet and confer in good faith to resolve issues raised by the Defendant's Notice.

**PLAINTIFF'S MONETARY CLAIMS:**

7. The Parties have not reached an agreement to settle Plaintiff's monetary claims including but not limited to: statutory, compensatory and personal injury damages, attorney fees, litigation expenses and/or costs. Plaintiff's monetary claims may be resolved by separate agreement, trial or motion to the Court.

/ / /

**ENTIRE CONSENT ORDER**:

8.      This Consent Decree constitutes the entire agreement between the signing parties on the matter of Plaintiff's injunctive relief against Defendant MONTGOMERY VILLAGE, and no other statement, promise, or agreement, either written or oral, made by any of the parties or agents of any of the parties, that is not contained in this written Consent Decree and concurrently-filed Proposed Order, shall be enforceable regarding the matters described herein. This Consent Decree and concurrently-filed Proposed Order applies to Plaintiff's claims for injunctive relief only in the action before this Court.

**CONSENT ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST**:

9.      This Consent Decree and Order shall be binding on Plaintiff HOLLYNN D'LIL and Defendant MONTGOMERY VILLAGE LIMITED PARTNERSHIP and any successors in interest. The Parties have a duty to so notify all such successors in interest of the existence and terms of this Consent Decree and concurrently-filed Proposed Order during the period of the Court's jurisdiction of this Consent Decree and Order.

**TERM OF THE CONSENT DECREE AND ORDER**:

10.     This Consent Decree and concurrently filed Proposed Order shall be in full force and effect once approved by the Court. The Court shall retain jurisdiction of this action to enforce provisions of this Order in the event that Plaintiff alleges that Defendant has failed to comply with any of the terms of this Consent Decree for a period of twenty-four months from the date the Court approves this Consent Decree, or 90 days from Defendant's notice of completion of the work, whichever is later. The terms of injunctive relief, as set forth in **Attachment A and Exhibit 1** are meant to be permanent changes. In the event that Parties have a dispute regarding compliance with any of the terms or conditions of this Agreement, the Parties agree and stipulate to the Court retaining jurisdiction to enforce this Agreement, and agree to follow the procedures set forth Paragraph 6 herein (or if Plaintiff is the complaining party, she shall give the Defendant notice in writing, and the Parties shall meet and confer no later than 30 days after Defendant's receive said notice, before Plaintiff may file an enforcement action.).

**SIGNATORIES BIND PARTIES**:

11. Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree and the concurrently filed Proposed Order. This Consent Decree and concurrently filed Proposed Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

APPROVED AS TO FORM:

Dated: August 30, 2010                     PATRICIA BARBOSA
                                           JORDON METZ
                                           BARBOSA, METZ, IKEDA & HARISSON


                                           ___/s/_____
                                           Attorneys for Plaintiff
                                           HOLLYNN D'LIL


Dated: August 25, 2010                     DENNIS D. STRAZULO
                                           SARA WILSON
                                           STRAZULO FITZGERALD LLP


                                           ___/s/_____
                                           Attorneys for Defendant
                                           MONTGOMERY VILLAGE LIMITED
                                           PARTNERSHIP


PARTIES' APPROVAL:

Dated: August 25, 2010                     HOLLYNN D'LIL


                                           ___/s/_____
                                           Plaintiff

Dated: August 30, 2010                    MONTGOMERY VILLAGE LIMITED
                                          PARTNERSHIP


                                          _____/s/_____
                                          Defendant
                                          Name: DAVID CODDING
                                          Title: President, Lakeside Leasing, General
                                          Partner, MONTGOMERY VILLAGE LIMITED
                                          PARTNERSHIP


Dated: August 25, 2010                    MONTGOMERY VILLAGE LIMITED
                                          PARTNERSHIP


                                          _____/s_____
                                          Defendant
                                          Name: MELISSA WILLIAMS
                                          Title: V.P. of OPERATIONS

Pursuant to Stipulation, and for good cause shown, IT IS ORDERED.

Dated: __March 28_____, 2011

                                          _____
                                          Honorable Saundra B. Armstrong
                                          United States District Judge Presiding

---

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. 4:08-CV-04690-SBA                                                    6

**Consent Decree and Order: Attachment A**
*Hollynn D'Lil v. Montgomery Village Limited Partnership*
Case No. 4:08-CV-04690-SBA

MONTGOMERY VILLAGE LIMITED PARTNERSHIP ("Defendant") and HOLLYNN D'LIL ("Plaintiff") (collectively referred to as "Parties") agree to the following terms and conditions to be incorporated in the Consent Decree and Order, incorporated herein by reference, as settlement of Plaintiff's claims for injunctive relief in the civil case entitled *D'Lil v. Montgomery Village Limited Partnership, N. Dist.* Case No. 4:08-CV-04690-SBA. The parties agree that the following corrective work will be undertaken to eliminate barriers at Montgomery Village in Sonoma County, which is the subject facility for the above-cited case. All of the corrective work will be done in compliance with the standards and specifications for access as set forth in the California Code of Regulations, Title 24-2 and Americans with Disabilities Act Accessibility Guidelines (ADAAG) applicable at the time the corrective work is undertaken.

The corrective work to be done by Defendant will be made in stages, depending on the type of work to be done. For work that does not require a permit from an enforcing agency, the work will be completed no later than February 15, 2011. For work that requires a permit from an enforcing agency, the dates agreed upon are set forth in the item number. For work that requires additional time, the dates for work are set forth in the item number. The item numbers in Attachment A correspond to the item numbers on the Barrier's Report prepared by Plaintiff's expert, Karl Danz, dated April 14, 2009, cited herein by reference, but only to identify the item numbers for the work to be done.

**BARRIER REMOVAL ITEMS:**

1.1   Cross walk. Work already completed.
1.2   Ramp at door to Subway. Work completed.
1.3   Cross walk at Magowan. Part of larger path of travel at shopping mall. Defendant will submit permits by March 15, 2011. Defendant will commence work within 90 days after receiving permits, and will provide Plaintiff with a status report after receiving permits (with a proposed completion date).*
1.4   Cross walk at Midway Dr. Work completed.
1.5   Parking spaces on Hahman. Part of larger path of travel at shopping mall. Defendant will submit permits by March 15, 2011. Defendant will install or relocate the designated, accessible parking spaces as identified in Exhibit 1. Defendant will commence work within 90 days after receiving permits, and will provide Plaintiff a status report after receiving permits.*
1.6   Cross walk. Work completed.
1.7   Accessible parking in front of Sonoma. Work completed.
1.8   Accessible parking in front of Lucky's. Work completed.
1.9   Accessible parking in front of Ross. Work completed.
1.10  Men's Restroom. The work will be done by February 15, 2011.
1.11  Village Court. The permits will be submitted by January 15, 2011, and the work completed by August 31, 2011.

1.12 Curb ramp. Part of larger path of travel at shopping mall. Defendant will submit permits by March 15, 2011. Defendant will commence work within 90 days after receiving permits, and will provide Plaintiff a status report after receiving permits.*
1.13 Accessible parking at Coldwater Creek. Work completed.
1.14 Parking at WestAmerica Bank. This work will be done in accordance with the larger parking plan as identified in Exhibit 1.
1.15 Walkway from Copperfield's. Part of larger path of travel at shopping center. Defendant will submit permits by March 15, 2011. Defendant will commence work within 90 days after receiving permits, and will provide Plaintiff a status report after receiving permits.*
1.16 Cross walk. No work to be done.
1.17 Path of travel between Copperfield's and WestAmerica. Part of larger path of travel at shopping mall. Defendant will submit permits by March 15, 2011. Defendant will commence work within 90 days after receiving permits, and will provide Plaintiff a status report after receiving permits.*
1.18 Copperfield's south entrance. Part of larger path of travel at shopping mall. Defendant will submit permits by March 15, 2011. Defendant will commence work within 90 days after receiving permits, and will provide Plaintiff a status report after receiving permits.*
1.19 Walkway ramp at Liquor store. Work will be done by February 15, 2011.
1.20 Pathway on east side of Village Art. Work completed.
1.21 Village Court. The permits will be submitted by January 15, 2011, and the work completed by August 31, 2011.
1.22 Pathway east of Bank of America. Work completed.
1.23 Access parking, Bank of America. Work completed.
1.24 Women's Restroom. Work completed.
1.25 Cross walk, no work to be done.
1.26 Cross walk. Work completed.
1.27 Cross walk. Work completed.
1.28 Ramp at Men's Restroom. Work to be done by February 15, 2011.

*PARKING: All parking as identified in Exhibit 1 is to be completed by March 15, 2011, with the exception of the accessible parking associated with the path of travel modifications in the mid-cross blocks of the facilities, which will be done in coordination with the path of travel renovations.

PROPOSED COMPLIANT ADA
PARKING & PATH OF TRAVEL

